# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RANDOLPH L. SIMMONS, # 16107-067     *

    Petitioner                                    *

        v.                                           *          Civil Action No. DKC-10-1230

JOE COAKLY, Acting Warden               *

    Respondent                               *
                                                               ***

## MEMORANDUM OPINION

Randolph Simmons, a federal prisoner at FCI-Cumberland, Maryland, challenges payment of court-ordered restitution through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP). Simmons asks this court to order the BOP to stop deducting payments from his inmate account and requests a refund of past remittances with interest. The court will grant Petitioner's motion for leave to proceed in forma pauperis and dismiss the Petition without prejudice.

## BACKGROUND

The court has construed this action as a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2241 because Simmons is challenging the manner by which his sentence is executed. Electronically accessed court records show that on November 25, 2008, Simmons was sentenced in the United States District Court for the Middle District of Pennsylvania to 60 months imprisonment, $100 special assessment, and restitution of $36, 954.14, due immediately, after he pleaded guilty to conspiracy to defraud the United States. *See United States v, Simmons*, Criminal Action 1-08-cr-207-CCC-1 (M.D. Pa.).

On May 26, 2010, this court ordered Simmons to provide factual and legal grounds to support the Petition. On June 11, 2010, Simmons filed additional information, stating that he

wants to pay restitution only if the United States District Court for the Middle District of Pennsylvania establishes a payment schedule. Paper No. 4, p. 2. Simmons provided no other factual or legal basis to support terminating or refunding his IFRP payments.[1]

## STANDARD OF REVIEW

Pro se pleadings must be construed liberally. *See Haines v. Kerner* 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Further, federal district courts are statutorily required to review civil complaints filed by inmates proceeding in forma pauperis, identify cognizable claims and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. A claim is frivolous if it is without arguable merit either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Petition is subject to summary dismissal under this standard. Liberal construction does not mean that the court can ignore a clear failure to allege facts or law which set forth a federally cognizable claim. *See Weller v. Department of Social. Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## ANALYSIS

The IFRP is a voluntary program that encourages "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated. *See* 28 C.F.R. § 545.11(a). An inmate who refuses to comply with an established financial plan may lose certain privileges, including inmate pay,

---

[1] Simmons has failed to administratively exhaust available administrative remedies, but alleges that prison officials impeded his access to the administrative remedy procedure process.

work and housing assignments, and eligibility for community-based programs. *See* 28 C.F.R. § 545.11(d).

Payment schedules established by the BOP under the IFRP do not constitute an improper delegation of authority by the courts. *See United States v. Watkins*, 161 Fed. Appx. 337 (4th Cir. 2006) (unpublished). There is ample precedent for the proposition that BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine. *See McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999); *Montano-Figueroa v. Crabtree,* 162 F.3d 548, 549-50 (9th Cir.1998)). The Fourth Circuit has upheld the propriety of collecting fines, restitution, and special assessments through the IFRP. *See, e.g., United States v. Espinoza- Cartagena*, 23 Fed.Appx. 187 (4th Cir. 2002) (unpublished); *United States v. Walker*, 83 F.3d 94 (4th Cir. 1996); *United States v. Francisco*, 35 F. 3d 116, 122 (4th Cir. 1994); *Watkins,* 161 F. App'x at 337.

To the extent Simmons might be arguing that the BOP has exceeded its authority by setting a payment schedule, his claim lacks merit. A sentencing court may not delegate its authority to set the amount and timing of criminal fine payments to the BOP without retaining ultimate authority over such decisions. *See Miller v. United States*, 77 F.3d 71, 78 (4th Cir. 1996). In this case, the sentencing court has not delegated authority but rather ordered immediate payment of a specified amount of restitution; thus, the BOP properly acted within its discretion to place Simmons in the IFRP. *See e.g. Coleman v. Brooks*, 133 Fed. App'x 51, 53 (4th Cir.2005) (unpublished) (citing *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002)). Accordingly, there is no merit to this claim.

## CONCLUSION

For the reasons stated herein, Simmons provides no legal or factual basis to support his claims or warrant relief. The Petition will be dismissed by separate Order.


Date:  June 22, 2010            _____/s/_____
                                DEBORAH K. CHASANOW
                                United States District Judge